**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| Samrat Container Lines, Inc., | * | |
| Plaintiff, | * | |
| | | Civil Action No.:_____ |
| v. | * | |
| Safewater Lines India Pvt. Ltd., | * | |
| Defendant, | * | |
| and | * | |
| Maersk Line, Ltd., | * | |
| Mediterranean Shipping | * | |
| Company (USA) Inc., | * | |
| and | * | |
| NYK Line (North American) Inc., | * | |
| Garnishees. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**VERIFIED COMPLAINT IN ADMIRALTY AND REQUEST FOR**
**ISSUANCE OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Samrat Container Lines, Inc. ("Samrat") complains of Defendant Safewater

Lines India Pvt. Ltd. ("Safewater") and alleges upon information and belief as follows:

**Jurisdiction and Venue**

1.       This is a case of admiralty and maritime jurisdiction, as hereinafter more fully

appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure.  The Court has admiralty and maritime subject matter jurisdiction

pursuant to 28 U.S.C. § 1333.

2.      Venue is proper in this Court because property of Safewater is, or may soon be, within this District.

## The Parties

3.      At all material times, Samrat was and is a company organized and existing under the laws of the State of New Jersey with its principal place of business at 10 Corporate Place South, Suite 104, Piscataway, NJ 08854.

4.      At all material times, Safewater was and is a company organized and existing under the laws of India.  Safewater is a Non-Vessel Ocean Common Carrier ("NVOCC") with offices located in various Indian ports.  Safewater is not found either in this District, or in any other convenient adjacent jurisdiction, within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").

5.      Garnishee Maersk Line, Ltd. ("Maersk") is a corporation registered to do business in the State of Maryland and can be served through its resident agent in Maryland.  On information and belief, Samrat reasonably believes that Maersk holds property and/or accounts which belong, and/or are owed, to Safewater.

6.      Garnishee Mediterranean Shipping Company (USA) Inc. ("MSC") is a corporation registered to do business in the State of Maryland and can be served through its resident agent in Maryland.  On information and belief, Samrat reasonably believes that MSC holds property and/or accounts which belong, and/or are owed, to Safewater.

7.      Garnishee NYK Line (North America) Inc. ("NYK") is a corporation registered to do business in the State of Maryland and can be served through its resident agent in Maryland.  On information and belief, Samrat reasonably believes that NYK holds property and/or accounts which belong, and/or are owed, to Safewater.

## The Facts

8.      Samrat is an ocean shipping and logistics company operating in more than 80 countries.  Samrat operates as a Federal Maritime Commission-licensed NVOCC, including the booking and facilitation of import and export ocean cargoes.

9.      Since at least 2010, Safewater had been a customer of Samrat.

10.     Satish V. Anchan, President of Samrat, and Anil Malik, Director of Safewater, orally agreed that Samrat would serve as Safewater's U.S. agent.  Pursuant to the parties' agreement, Samrat would assist with both Freight Prepaid and Freight Collect ocean cargoes imported into the U.S. as follows:

      a.      For both Freight Prepaid and Freight Collect ocean cargoes, Safewater as NVOCC would issue a bill of lading direct to Safewater's customer.

      b.      Safewater then would place the cargo with an ocean carrier, which issued an ocean bill of lading identifying Safewater as the shipper, and Samrat as the consignee.

      c.      Safewater would then transmit the ocean bills of lading to Samrat, which would – as consignee under those ocean bills of lading – present the bills of lading to the ocean carrier, for import receipt of the cargo.

      d.      Samrat then would make the arrangements for the cargo to be transported to the ultimate consignee, listed on the Safewater NVOCC bill of lading.

11.     In accordance with the parties' agreement, Safewater and Samrat maintained a running account of money due from Safewater to Samrat on Freight Prepaid ocean cargoes, and money due from Samrat to Safewater for Freight Collect ocean cargoes.  Until mid-2013, the balance on this running account was approximately even.  After mid-2013, however, the balance

which Safewater owed Samrat for reimbursement from Freight Prepaid cargoes began to increase steadily.

12.     Towards the end of 2013, Safewater began to process its U.S.-bound shipments through a new agent, Haba-Sped Logistics USA Inc. ("Haba-Sped").  Safewater ceased work with Samrat, and thus Samrat stopped collecting moneys for Freight Collect cargoes, to apply against the outstanding balance which Safewater owed Samrat for Freight Prepaid cargoes.

13.     Presently, Safewater owes Samrat a balance of **$1,058,561.19**, detailed as follows:

| | |
|---|---:|
| Safewater Line Delhi | $516,799.28 |
| Safewater Line Ghaziabad | $24,450.83 |
| Safewater Line Kolkata | $17,956.36 |
| Safewater Line Baroda | $12,056.93 |
| Safewater Line Ahmedabad | $375,032.68 |
| Safewater Line Mumbai II | $557,708.61 |
| **Freight Prepaid: Total Receivable** | **$1,504,004.69** |
| | |
| Safewater Line Secunderabad | ($20,025.45) |
| Safewater Line Mumbai | ($395,589.72) |
| Safewater Line Vishakhapatnam | ($18,378.50) |
| Safewater Line Chennai | ($7,716.88) |
| Safewater Line Bangolare | ($3,732.95) |
| **Freight Collect: Total Payable** | **($445,443.50)** |
| | |
| **Total Due** | **$1,058,561.19** |

### Count I: Breach of Maritime Contract (Rule B)

14.     Samrat repeats and realleges the foregoing allegations as if set forth herein.

15.     Safewater's failure to make full and timely payment to Samrat, despite repeated demand, is a breach of contract by Safewater.

16.     Samrat seeks issue of process of maritime attachment so that it may obtain security for its claims.  No security for Samrat's claims has been posted by Safewater or anyone acting on its behalf to date.

17.     Safewater cannot be found within this district within the meaning of Rule B but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction including but not limited to cash, funds, freight, hire, Bills of Lading and/or credits in the hands of Garnishees in this District, including but not limited to Haba-Sped and International Logistics.

WHEREFORE, Samrat prays:

A.      That process in due form of law issue against Safewater, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.      That since Safewater cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Safewater's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Safewater or in which Safewater has an interest,  up to the amount of at least **USD $1,058,561.19** to secure Samrat's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.      That since it appears that the U.S. Marshals Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D.    That this Court retain jurisdiction over this matter through the entry of a judgment

or award associated with the pending claims including appeals thereof; and

E.    That Plaintiff may have such other further relief as may be just and proper.

Dated: October 1, 2014.

Respectfully Submitted,

/s/ J. Stephen Simms
J. Stephen Simms
John T. Ward
Simms Showers LLP
201 International Circle, Suite 250
Hunt Valley, Maryland 21030
Telephone:     410-783-5795
Facsimile:     410-510-1789
jssimms@simmsshowers.com
jtward@simmsshowers.com

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of plaintiff made available to me by plaintiff.

Authorized officers of plaintiff are not readily available in this District to make verifications on plaintiff's behalf.  I am authorized to make this verification on plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of defendant, finding no presence of defendants in this District.  There is no record of any general or resident agent authorized to accept service of process for defendant in this District.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and corrected.

Executed on October 1, 2014.

/s/ J. Stephen Simms
J. Stephen Simms